Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

EASTERN District of VIRGINIA

RICHMOND Division



FILED
MAR 11 2026
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

|  |  |
|---|---|
| Brandon Branch | )   Case No.   **3:26cv 192** |
| | ) |
| Plaintiff(s) | )   *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | )   Jury Trial: *(check one)*   ☒ Yes   ☐ No |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
| | ) |
| | ) |
| Virginia Dept. of State Police | ) |
| and | ) |
| Col. Gary T. Settle, in his official capacity | ) |
| | ) |
| Defendant(s) | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | |
| *write "see attached" in the space and attach an additional page* | |
| *with the full list of names.)* | |

## COMPLAINT FOR A CIVIL CASE

I.     **The Parties to This Complaint**

    A.     **The Plaintiff(s)**

       Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

|  |  |
|---|---|
| Name | Brandon Branch |
| Street Address | 12606 Arnette Park Lane |
| City and County | Humble, Harris County |
| State and Zip Code | 77346 |
| Telephone Number | 928-499-0017 |
| E-mail Address | Branc8fc@yahoo.com |

    B.     **The Defendant(s)**

       Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**Defendant No. 1**

| | |
|---|---|
| Name | Virginia Department of State Police |
| Job or Title *(if known)* | |
| Street Address | 7700 Midlothian Turnpike |
| City and County | Richmond, Chesterfield County |
| State and Zip Code | Virginia 23235 |
| Telephone Number | 804-674-2936 |
| E-mail Address *(if known)* | Questions@vsp.virginia.gov |

**Defendant No. 2**

| | |
|---|---|
| Name | Colonel Gary T. Settle Superintendent, VSP |
| Job or Title *(if known)* | Superintendent |
| Street Address | 7700 Midlothian Turnpike |
| City and County | Richmond, Chesterfield County |
| State and Zip Code | Virginia 23235 |
| Telephone Number | 804-674-2000 |
| E-mail Address *(if known)* | gary.settle@vsp.virginia.gov |

**Defendant No. 3**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 4**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This action arises under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1983 for violations of constitutional rights under the Fourteenth Amendment.

Venue is proper in the Eastern District of Virginia because the events giving rise to the claim occurred in Virginia and the Defendant resides within this judicial district.

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

a.     If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.     If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

a.     If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

the State of *(name)* _____ . Or is a citizen of

*(foreign nation)* _____ .

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Plaintiff Brandon Branch reported racial misconduct while attending the Virginia State Police academy. After reporting the misconduct, Plaintiff became the subject of internal affairs investigations.

Those investigations have remained administratively classified as "open" for over 3,000 days and have been used to permanently bar Plaintiff from employment opportunities with law enforcement agencies.

The continued classification of the investigation as open has caused substantial damage to Plaintiff's career and reputation and has prevented him from obtaining employment in his profession.

Defendant's actions constitute retaliation for protected activity, racial discrimination, and violations of Plaintiff's constitutional rights under the Fourteenth Amendment.

Defendant's continued maintenance of the investigation as "open" constitutes an ongoing deprivation of Plaintiff's rights and continues to cause present and future harm.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff requests the following relief:

1. Compensatory damages.
2. Punitive damages.
3. Declaratory relief that Defendant's actions violated federal law.
4. Injunctive relief requiring correction of Plaintiff's records.
5. Costs of litigation and any other relief the Court deems proper.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:           03/06/2026

Signature of Plaintiff

Printed Name of Plaintiff     Brandon Branch

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

FILED

MAR 11 2026

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION


BRANDON BRANCH,

Plaintiff,


v.                          Civil Action No. 3:26CV192


COMMONWEALTH OF VIRGINIA

DEPARTMENT OF STATE POLICE


and


COLONEL GARY T. SETTLE,

in his official capacity as Superintendent

of the Virginia Department of State Police


Defendants.


**COMPLAINT AND DEMAND FOR JURY TRIAL**

(Violation of Title VII of the Civil Rights Act of 1964)


Plaintiff Brandon Branch, proceeding pro se, states as follows:


**I. JURISDICTION AND VENUE**

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

3. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

4. On March 5, 2026, the United States Department of Justice Civil Rights Division issued a Notice of Right to Sue regarding EEOC Charge No. 570-2025-00939.

5. This action is filed within ninety days of receipt of that notice.

6. Defendant Colonel Gary T. Settle is sued in his official capacity pursuant to Ex parte Young, 209 U.S. 123 (1908) for purposes of prospective declaratory and injunctive relief.

7. Venue is proper in this district pursuant to 42 U.S.C. §2000e-5(f)(3) because the unlawful employment practices occurred within the Eastern District of Virginia.

## II. PARTIES

8. Plaintiff Brandon Branch is a resident of Humble, Texas and a former Virginia State Police trooper.

9. Defendant Commonwealth of Virginia Department of State Police ("VSP") is a state law-enforcement agency and an employer within the meaning of Title VII.

10. Defendant Colonel Gary T. Settle is the Superintendent of the Virginia Department of State Police and is responsible for the administration of personnel policies and Internal Affairs investigations. He is sued in his official capacity for declaratory and injunctive relief.

## III. FACTUAL ALLEGATIONS

### Reporting of Racial Misconduct

11. In 2012 Plaintiff attended the Virginia State Police Academy.

12. During the academy Plaintiff reported the use of a racial slur by another recruit.

13. Reporting racially discriminatory conduct constitutes protected activity under Title VII.

### Internal Affairs Investigations and Policy Violations

14. In 2015 the Virginia Department of State Police initiated two Internal Affairs investigations involving Plaintiff, including IA Case No. 15-0515-0156 and IA Case No. 15-0526-0165.

15. The Virginia Department of State Police maintains written administrative policies governing Internal Affairs investigations, including Administrative Policy ADM-12, which establishes procedures and timelines for administrative investigations.

16. Administrative Policy ADM-12 provides that Internal Affairs investigations should be completed within the prescribed investigative timeframe and that extensions should be granted only in rare circumstances where investigative necessity requires additional time.

17. Internal documentation produced by the Virginia Department of State Police reflects that the investigations involving Plaintiff were repeatedly extended through successive extension requests submitted by the investigating sergeant and approved through the Internal Affairs command structure.

18. IA Case No. 15-0515-0156 received at least eleven (11) extension approvals, and IA Case No. 15-0526-0165 received at least six (6) extension approvals, for a total of seventeen (17) extensions.

19. The number of extensions granted far exceeds the limited and rare circumstances contemplated by Administrative Policy ADM-12.

20. At least one extension explicitly states that the delay occurred because the investigating sergeant was on vacation leave from July 11 through July 19, 2015.

21. Granting investigative extensions due to investigator vacation leave was inconsistent with the purpose of Administrative Policy ADM-12 and contrary to the intent of the Internal Affairs investigative procedures.

**Procedural Irregularities**

22. Internal documentation further reflects that investigative fact-gathering had substantially concluded by November 2015, at which time the investigation was being prepared for final reporting.

23. Despite the completion of investigative fact-gathering, the investigations were not formally resolved and instead remained administratively pending.

24. Plaintiff separated from employment with the Virginia Department of State Police in January 2016.

25. Because the investigations remained administratively unresolved, they continued to exist as pending Internal Affairs matters associated with Plaintiff.

**Employment Consequences**

26. Plaintiff subsequently sought employment opportunities within law enforcement.

27. Plaintiff later applied for rehire with the Virginia Department of State Police.

28. Plaintiff was informed that he was not eligible for future employment consideration.

29. The unresolved Internal Affairs investigations were cited as the basis for that determination.

30. As a result, Plaintiff was effectively barred from future employment with the Virginia Department of State Police.

31. The actions of Defendants caused Plaintiff substantial professional and financial harm.


**COUNT I – Race Discrimination (Title VII – Against Defendant VSP)**

32. Plaintiff incorporates all preceding paragraphs.

33. Plaintiff is a member of a protected class.

34. Defendant subjected Plaintiff to adverse employment actions including disciplinary scrutiny and permanent employment disqualification.

35. Defendant's conduct constitutes unlawful race discrimination in violation of Title VII.


**COUNT II – Retaliation (Title VII – Against Defendant VSP)**

36. Plaintiff incorporates all preceding paragraphs.

37. Plaintiff engaged in protected activity when he reported racially discriminatory conduct.

38. Following that protected activity Plaintiff became the subject of Internal Affairs scrutiny.

39. Defendant later relied upon unresolved Internal Affairs investigations to deny Plaintiff future employment consideration.

40. Defendant's actions constitute retaliation in violation of Title VII.


**COUNT III – Declaratory Relief (Against All Defendants)**

41. Plaintiff incorporates all preceding paragraphs.

42. An actual controversy exists regarding Defendants' continued reliance on unresolved Internal Affairs investigations to disqualify Plaintiff from employment.

43. Plaintiff seeks a declaration that maintaining and relying upon unresolved investigative status as a permanent employment barrier violates federal law.

**COUNT IV – Injunctive Relief (Against Defendant Settle)**

44. Plaintiff incorporates all preceding paragraphs.

45. Defendant Settle, as Superintendent of the Virginia Department of State Police, is responsible for the administration of investigative and personnel policies.

46. Prospective injunctive relief is necessary to prevent the continued enforcement of unlawful employment restrictions arising from the unresolved investigations.

47. Plaintiff seeks an order requiring Defendants to formally resolve, correct, or remove the unresolved investigative status associated with Plaintiff.

**DAMAGES**

48. As a direct result of Defendants' actions Plaintiff has suffered damages including lost wages, loss of earning capacity, emotional distress, and reputational harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff.

B. Declare that Defendants' maintenance and use of unresolved Internal Affairs investigations to bar Plaintiff from employment violates federal law.

C. Enter injunctive relief requiring the Virginia Department of State Police to correct or remove the unresolved investigative status associated with Plaintiff.

D. Award Plaintiff back pay and front pay.

E. Award compensatory damages as permitted under Title VII.

F. Award costs and attorney's fees pursuant to 42 U.S.C. §2000e-5.

G. Grant such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*Branch Branch*   3-6-2026

Brandon Branch

12606 Arnette Park Lane

Humble, Texas 77346

928-499-0017

branc8fc@yahoo.com

Plaintiff, Pro Se